```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
        CHARLOTTE DIVISION
         3:15-cv-270-RJC
```

| | |
|---|---|
| KAREN BLACK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **ORDER** |
| WELLS FARGO AND COMPANY, | ) |
| WELLS FARGO BANK, NATIONAL | ) |
| ASSOCIATION, LIBERTY LIFE | ) |
| ASSURANCE COMPANY OF | ) |
| BOSTON, and WELLS FARGO & | ) |
| COMPANY GROUP DISABILITY | ) |
| INCOME POLICY, | ) |
| | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants Liberty Life Assurance Company of Boston ("Liberty Life"), Wells Fargo and Company ("Wells Fargo"), Wells Fargo Bank, National Association, and the Wells Fargo & Company Group Disability Income Policy's (collectively "Defendants") Motion for Partial Dismissal of the Complaint and to Strike Plaintiff's Demand for Extra-Contractual Damages. (Doc. No. 7).

**I.   BACKGROUND**

Plaintiff Karen Black ("Plaintiff") instituted this action by filing a complaint in Mecklenburg County Superior Court on April 29, 2015. (Doc. No. 1-1: Complaint). Defendants timely removed the case to this Court on June 19, 2015, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1).

Plaintiff's Complaint asserts two causes of action based upon the allegedly wrongful denial of her claim for long-term disability ("LTD") benefits by Liberty Life. (Complaint ¶6).

Plaintiff was employed by Wells Fargo and its predecessors, and presumably participated in the Wells Fargo & Company Long-Term Disability Plan (the "Plan"). (Id. ¶7). Plaintiff's first cause of action is for "Breach of Contract Under North Carolina law." (Id. ¶¶22–27). Within this claim, Plaintiff also makes a claim for compensatory damages in an amount in excess of $15,000.00 and "seeks payment of past due benefits, and compensation for other damages incurred as a result of the wrongful denial of benefits." (Id. ¶¶6, 27). In support of her Breach of Contract claim, Plaintiff alleges that she was a beneficiary of a contract between Wells Fargo and Liberty Life and that "Defendants materially breached the contract by failing and refusing to pay Plaintiff long term disability benefits after June 2013." (Id. ¶¶23, 26). Plaintiff's second cause of action, asserted in the alternative, is for the wrongful denial of LTD benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Through this action, Plaintiff seeks payment of the alleged wrongfully denied LTD benefits, attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and declaratory relief declaring that she is entitled to LTD benefits. (Id. at 4–5).

Defendants filed their Motion for Partial Dismissal on June 26, 2015. (Doc. No. 7). The Motion seeks dismissal of Plaintiff's state law breach of contract claim and Plaintiff's claim for compensatory or other extracontractual damages. The matter has been fully briefed and is ripe for adjudication.

II. **DISCUSSION**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim challenges the legal sufficiency of a complaint. When considering such a motion, a court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To

survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff, therefore, must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). Threadbare recitals of the elements of a cause of action and mere conclusory statements with insufficient factual allegations will not suffice for a claim to survive a motion to dismiss pursuant to Rule 12(b)(6). Iqbal, 556 U.S. at 678.

With few exceptions not relevant here,[1] ERISA applies to all "employee benefit plans" that are established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). A plan is an "employee welfare benefit plan" subject to ERISA if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment" 29 U.S.C. § 1002(1). "The existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." Custer v. Pan Am.

---

[1] ERISA's safe harbor exception removes certain benefit plans from ERISA coverage if four elements are met, one of which requires that no contributions to the plan be made by an employer or employee organization. See 29 C.F.R. § 2510.0-1(j). The Plan's summary plan description ("SPD") clearly states that "Wells Fargo pays the cost of [employee's] Basic LTD coverage." (Doc. No. 9-3 at 96). Plaintiff does not dispute this fact. Therefore, the Court finds that the Plan does not fall within ERISA's safe harbor exception because Wells Fargo pays for basic coverage for all eligible employees.

Life Ins. Co., 12 F.3d 410, 417 (4th Cir. 1993) (internal quotation marks omitted). "Thus, for ERISA to apply, there must be (1) a plan, fund or program, (2) established or maintained (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries." Id.

The ERISA statutes provide the exclusive regulation of employee benefit plans under federal law. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern.") (citations omitted). ERISA's broad preemption provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress." Sejman v. Warner-Lambert Co., 845 F.2d 66, 68 (4th Cir. 1988) (internal quotation marks omitted). This provision declares that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The preemption clause is not limited to "state laws specifically designed to affect employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983). In fact, any state law claim brought by a plan beneficiary based upon alleged improper processing of a claim for plan benefits is preempted by ERISA, Powell v. Chesapeake & Potomac Tel. Co. of Va., 780 F.2d 419, 421 (4th Cir. 1985), and courts have repeatedly held that ERISA preempts state law breach of contract claims, see, e.g., Tri-State Mach., Inc. v. Nationwide Life Ins. Co., 33 F.3d 309, 314–15 (4th Cir. 1994). Therefore, if a state law claim falls within ERISA's preemption clause, it must be dismissed.

Finally, it is well-settled that Congress did not provide for extra-contractual damages under ERISA. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, (1985); see also Reinking v.

Phila. Am. Life Ins. Co., 910 F.2d 1210, 1219–20 (4th Cir. 1990) (extracontractual damages are not recoverable under ERISA), overruled in part on other grounds by, Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017 (4th Cir. 1993).

Defendants argue that the SPD and the Policy clearly demonstrate that each element is satisfied to establish that the Plan is an employee welfare benefit plan as defined by ERISA. Because the Plan is an ERISA plan, and because Plaintiff's state law breach of contract claim arises out of the administration of that ERISA plan, Defendants contend that Plaintiff's breach of contract claim is preempted by ERISA and must be dismissed. Furthermore, Defendants contend that Plaintiff's claim for extracontractual damages is also barred by ERISA.

Plaintiff does not argue that the Plan is not an ERISA plan, and she does not contend that her breach of contract claim is not subject to preemption if the plan is governed by ERISA. Plaintiff also does not argue that she is entitled to extracontractual damages if ERISA applies. Plaintiff's only contention in her response to Defendants' Motion is that the issue of whether ERISA applies to the Plan cannot be resolved at this time because Defendants did not provide the Court with the full Plan. The Court disagrees.

Defendants have presented the Policy, (Doc. No. 9-6), and the Plan's SPD, (Doc. Nos. 9-1 to 9-5). The SPD expressly states: "The SPD and Group Disability Income Policy issued by Liberty, along with any certificates, policy amendments, riders, and endorsements, constitute the official plan documents for the LTD Plan." (Doc. No. 9-3 at 96). Therefore, the Court finds that ample evidence has been presented for it to determine whether the Plan at issue is an employee welfare benefit plan as defined by ERISA and whether, therefore, the Plan and Plaintiff's claims relating to the Plan are subject to ERISA.

A review of the SPD and the Policy reveals that each element is satisfied to establish that

the Plan is an employee welfare benefit plan as defined by ERISA. Indeed, the SPD states that the Plan is "classified as a 'welfare benefit plan' under . . . ERISA," and it contains a section entitled "Your rights under ERISA." (Doc. No. 9-3 at 96; 9-4 at 49–56). These documents demonstrate that the Plan was established and is maintained by Wells Fargo for the purpose of providing certain group disability benefits to eligible Wells Fargo employees. (Doc. Nos. 9-6 at 2 (identifying Wells Fargo as the "Sponsor" and indicating that Wells Fargo is to pay the premiums); 9-1 at 13–18, 97–100 (summarizing benefits and eligibility requirements); 9-6 at 4 (setting out eligibility requirements); and 9-6 at 8 (defining "Covered Person")). Consequently, the Court finds that the Plan is an ERISA plan. Therefore, the Plan and Plaintiff's claims relating to the Plan are subject to the ERISA statutes, and Plaintiff's state law breach of contract claim is preempted by federal law. Furthermore, as case law establishes, the Court finds that Plaintiff is not entitled to any form of extracontractual relief over and above the recovery of any benefits that may be due under the Plan, pre-judgment interest, and attorneys' fees and costs as authorized by ERISA. Accordingly, Plaintiff's breach of contract claim as well as her claim for extracontractual relief fail to state claims upon which relief may be granted, and they must be dismissed pursuant to Rule 12(b)(6).[2]

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Partial Dismissal of the

---

[2] Plaintiff's claim for extracontractual damages is not properly challenged in a motion to strike under Rule 12(f). See, e.g., Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010) (holding "that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"); Wright & Miller, 5C Fed. Prac. & P. § 1358 (3d ed.) (stating that a Rule 12(b)(6) motion "may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief"). Consequently, Plaintiff's damages claim is dismissed pursuant to Rule 12(b)(6), and the Court does not address Defendants' Motion under Rule 12(f).

Complaint and to Strike Plaintiff's Demand for Extra-Contractual Damages, (Doc. No. 7), is **GRANTED**. Plaintiff's claim for breach of contract under North Carolina law and her claim for compensatory or other extracontractual damages are **DISMISSED**.

Signed: February 5, 2016

Robert J. Conrad, Jr.
United States District Judge